

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

## No. 02-18-00371-CR

———————————————

CRISPIN GARCIA SUAREZ, Appellant

V.

THE STATE OF TEXAS

———————————————

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1484913D

———————————————

Before Sudderth, C.J.; Pittman and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

In a single point, Appellant Crispin Garcia Suarez appeals the two life sentences and the 20-year sentence assessed by the trial court after he pleaded guilty to aggravated kidnapping, aggravated sexual assault of a child younger than 14, and indecency with a child by contact. *See* Tex. Penal Code Ann. §§ 20.04(a)(4), 21.11(a)(1), 22.021(a)(1)(B). Because the factual basis of Appellant's argument is directly refuted by the record, we affirm.

When Appellant pleaded guilty pursuant to a charge bargain without a capped sentence, he requested the preparation of a Presentence Investigation report (PSI) and elected to be sentenced by the trial court. At the beginning of the punishment hearing, Appellant's counsel requested that the PSI be filed in the case, to which the State had no objection, and the trial court marked the PSI as an exhibit and admitted it into the record. Later in the hearing, after the State rested its case, Appellant's counsel objected "to the admission in the presentence report [of] the [psychological] testing, the administration of the testing[,] and the results and the reports of the results in the PSI." Without waiting for a response from the State, the trial court granted the objection.

Appellant's argument on appeal appears to be that the trial court should have gone one step further and stated on the record that it would not consider those

portions of the PSI.[1]  But even if we were to ignore the issues of preservation which would seem to undermine Appellant's argument, his argument suffers from the fatal flaw that the trial court *did* state that it did not consider the objected-to portions of the PSI in reaching its decision on punishment: "Mr. Suarez, the Court has carefully considered the pre-sentence investigation and all of the testimony that has been brought forward in this hearing.  **The Court is, specifically, not considering all of the psychological testing to which the objection was sustained.**" [Emphasis added.]  Based upon our thorough review of the record, we have no basis to disbelieve the truthfulness of the trial court's statement.

Because the record directly refutes the factual basis for Appellant's argument, we overrule his sole point on appeal and affirm the trial court's judgment.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  July 25, 2019

---

[1]Appellant's point on appeal is that "[t]he trial court erred by granting Appellant's objection to the inclusion of the PSI report and failing to indicate it would disregard inadmissible or irrelevant evidence presented within the PSI."  Later in his brief, Appellant states, "A review of the record shows that the trial court granted Appellant's objection but failed to affirmatively state it would disregard the evidence in the PSI."